MALLARY BROTHERS MACHINERY CO. *v.* THOMAS *et al.*

A vendee in a conditional-sale contract was adjudicated a bankrupt on his voluntary petition, in which he scheduled in his list of assets the machinery included in the conditional-sale note. The vendor, in reclamation proceedings filed by him, obtained an order from the bankruptcy court directing the bankrupt's trustee to deliver the property into his possession. Subsequently the vendor sued the sureties on the bankrupt's conditional-sale note. On the trial, occurring more than a year after the vendor had obtained a judgment directing the trustee to restore the possession of the property to him, the vendor had made no effort to realize his debt from the property, but had allowed it to remain where it was when the bankrupt's trustee relinquished possession to him.

*Held*, that from these facts the court, who tried the case without a jury, could infer that the vendor had rescinded the conditional sale.

DECEMBER 15, 1914.

Complaint. Before Judge Hawkins. Laurens superior court. September 5, 1913.

*Mallary & Wimberly,* for plaintiff.

*Davis & Sturgis,* for defendants.

EVANS, P. J. The Mallary Brothers Machinery Company, a corporation, brought suit against D. H. Thomas and Plumer Cummings on three notes, copies of which were attached to the petition. The notes recited that their consideration was for the purchase of certain described machinery, the title to which was not to pass until the notes were fully paid. In addition to the two defendants who were sued, the notes were also signed by Ira Carswell. The defendants pleaded, that the consideration of the notes was certain machinery which the plaintiff had sold to Ira Carswell; that they signed the notes as his sureties; that their principal was adjudicated a voluntary bankrupt, and scheduled the machinery as a part of his assets; that the trustee in bankruptcy took charge of the machinery, and the plaintiff by intervention procured an order from the bankruptcy court to turn over the machinery to it, which order was executed by the bankrupt's trustee; and that the retaking by the plaintiff of the machinery without the consent of the defendants amounted to a rescission of the contract, and also increased their risk as sureties. Under an agreement of counsel the issue as to whether the defendants were sureties or joint makers was submitted to a jury, who returned a verdict that they were sureties. The verdict on this issue, together with an agreed statement of facts, was presented to the court to pass upon without the intervention of a jury, who rendered a verdict in favor of the defendants. A motion for new trial was overruled, and the plaintiff excepted.

In the stipulation between counsel it was agreed, that the machinery was sold on May 15, 1911; that the same was located at the gin plant of the old Ira Carswell place and was there operated; that Ira Carswell was adjudicated a bankrupt in April, 1912, on his voluntary petition, scheduling the machinery in his list of assets; the machinery was then located at the same place, where it was also located at the time of the suit; that the plaintiff instituted a reclamation proceeding for the machinery in the bankruptcy court,

and on June 25, 1912, an order was passed in that court, adjudicating that the plaintiff was entitled to the possession of the machinery, and directing the trustee to deliver the same to the plaintiff; that Carswell had obtained his discharge in bankruptcy; and that his estate was insufficient to pay common creditors any dividends. The contract under which the property was sold was attached as a part of the stipulation. It appeared that the present suit was brought to the January term, 1913, of the superior court of Laurens county, and that the trial occurred at the following July term.

The evidence authorized a finding by the jury that the defendants were sureties; and as no complaint of error of law is made in the motion for new trial concerning the submission of this issue, the court was authorized in the final adjudication, on the agreed statement of facts, to treat them as sureties. The case therefore stands as if the plaintiff was the vendor and the bankrupt was the vendee in the conditional-sale contract and the defendants were only sureties. A vendor and vendee may agree that the title to the article sold shall remain in the vendor until all of the purchase-money is paid. Such an agreement as between the parties is valid whether in writing or not; but as against third parties the agreement must be evidenced in writing and attested in the same manner as mortgages on personal property. Civil Code (1910), § 3318. Under the rule that the bankruptcy trustee acquired only such title as the bankrupt had, the trustee had no right to the machinery sold to the vendee under the conditional sale reserving title to the vendor until the purchase-price had been paid. The vendor for the purpose of protecting his security had the right to go into the bankruptcy court as he did, and reclaim possession of the property. When the possession of the machinery was delivered to it by the bankrupt's trustee, the plaintiff had an election to rescind the contract or to bring the property to sale by appropriate proceedings and hold the sureties liable for any excess. After obtaining the order requiring the trustee of the bankrupt to deliver the machinery to it, the plaintiff made no effort to bring the property to sale. The sureties had no right to proceed against the machinery in the plaintiff's possession. The plaintiff's suit is against the sureties alone, to recover the full value of the notes, and in its pleadings no reference is made to the machinery being in its possession. Neither is there any offer to account for its value. The trial occurred more than a year after the

plaintiff obtained possession of the machinery from the bankrupt's trustee. The plaintiff's attitude at that time was that of holding the possession of the machinery, and also undertaking to enforce full payment of the notes by suit against the sureties. Clearly the plaintiff was not entitled to retain the machinery and also to collect the full purchase-money. Under these circumstances the court, who acted as a trior of fact by consent of the parties, could draw the inference that the plaintiff's course with respect to the matter amounted to a rescission of the contract.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*